# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OMAR AGUILAR, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>WEXFORD HEALTH SOURCES, INC., )<br>SIDDIQUI, GAIL WALLS, ANGELA )<br>CRAIN, LASHBROOK, RITZ, JOHN )<br>BALDWIN, FRANK LAWRENCE, )<br>LOUIS SHICKER, and ZIMMER, )<br>)<br>Defendants. ) | Case No. 19-cv-510-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Omar Aguilar filed a Motion for Temporary Restraining Order/Preliminary Injunction (Doc. 2) along with his Complaint on May 15, 2019 (Doc. 1). The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and entered an Order designating the surviving claims (Doc. 13). The Court denied Plaintiff's request for a temporary restraining order but ordered the defendants to respond to the request for preliminary injunction (*Id*. at p. 10). Defendants responded (Docs. 40 and 41) and Plaintiff replied (Doc. 42). For the following reasons, Plaintiff's request for a preliminary injunction is **DENIED**.

### Background

Plaintiff makes the following relevant allegations in his Complaint: Plaintiff has suffered from pain in the left side of his abdomen since January or February 2018 (Doc. 13, p. 2). He also suffers from burning sensations and swelling in his hands and feet (*Id*.). He was initially diagnosed with a urinary tract infection ("UTI"). He was later told that the UTI was no longer showing up

1

on tests but he continued to suffer from pain. He was subsequently diagnosed with a kidney infection and eventually developed prostatitis (*Id*. at p. 3). Although Plaintiff has been seen by numerous medical staff at Menard Correctional Center ("Menard") for his condition, they have continued to pursue an ineffective course of treatment, leaving him in pain. They have also refused Plaintiff's requests to be seen by a specialist. His motion requests that he be sent to an outside specialist for treatment (Doc. 2).

Medical records submitted by Defendants show the following: Plaintiff first presented to the healthcare unit for pain in his left side on February 22, 2018 (Doc. 40-1, p. 5). An x-ray showed gas in his colon and he was provided with medication (*Id*. at p. 6). On February 25, 2018, he complained of pain, fever, chills, and night sweats and was sent to Chester Memorial Hospital on Dr. Siddiqui's orders (*Id*. at p. 7). A CT scan showed pyelonephritis (a kidney infection) and he was prescribed Ciprofloxacin, an antibiotic, and Tylenol (*Id*. at p. 9; 40-2, pp. 1-5). Plaintiff continued to complain of pain in his left abdomen from March to May 2018 (Doc. 40-1, pp. 13-31). X-rays and an ultrasound were negative for a UTI and Dr. Siddiqui prescribed Ciprofloxacin and ordered a urinalysis (Doc. 40-2, p. 7; 40-1, p. 30).

Plaintiff continued to see healthcare staff in May and June 2018 for pain (Doc. 40-1, pp. 30-41). On June 2, 2018, Plaintiff showed no signs of discomfort, burning while urinating, and had no pain with palpitation (*Id*. at p. 33). Additional tests were ordered on June 6, 2018 for Hepatitis A, B, and C as well as a test of his kidneys (*Id*. at pp. 35-39). The Hepatitis tests were negative and his kidney test was normal. Plaintiff continued to complain of pain throughout June, July, and August 2018 (Doc. 40-1, pp. 43-52). Dr. Siddiqui saw Plaintiff on August 29, 2018 and noted Plaintiff's urinalysis was negative and that he was currently taking Macrobid (*Id*. at p. 51).

Plaintiff was sent to an outside urologist, Dr. Srinivas Rajamahanty, on October 30, 2018 (*Id*. at p. 51, 55-56; Doc. 40-2, p. 8-10). Dr. Rajamahanty prescribed Doxycycline (an antibiotic) and scheduled a CT urogram, cystoscopy, and trans rectal ultrasound guided (TRUS) biopsy (*Id*.).

On December 5, 2018, Plaintiff saw Dr. Siddiqui and complained of odor in his urine but no pain (Doc. 40-1, p. 62). Dr. Siddiqui ordered a urinalysis which was performed on December 12, 2018. Plaintiff continued to see healthcare staff in January and February 2019 (*Id*. at pp. 72-87). He had a CT urogram on February 22, 2019 which showed no abnormalities in his kidney, renal collecting system, or bladder (Doc. 40-2, pp. 11-12).

Plaintiff had a cystoscopy and TRUS biopsy performed by Dr. Rajamahanty on April 2, 2019 (*Id*. at pp. 17-23). Dr. Rajamahanty diagnosed Plaintiff with recurrent prostatitis and continued with a course of Bactrim (*Id*. at pp. 20, 22). Plaintiff was seen by Dr. Rajamahanty again on April 12, 2019 who noted Plaintiff was on an antibiotic and that he was informed his prostatitis could be recurrent (*Id*. at p. 28). Plaintiff was scheduled to follow-up with Dr. Rajamahanty on August 23, 2019 (Doc. 40-1, p. 129). Prior to that follow-up, Plaintiff was seen by the healthcare unit and his urinalysis at the time was normal (*Id*.).[1]

The medical records show the following with respect to burning sensations in Plaintiff's hands and feet: Plaintiff presented to the healthcare unit on November 17, 2018 for redness in his hands and feet and was directed to use hydrocortisone cream (Doc. 40-1, p. 59). He was later advised to speak with the psychiatric staff because he had stopped taking his psychiatric medications (*Id*. at p. 61). On January 8, 2019, Plaintiff was seen again by the healthcare staff for redness and burning sensations in his hands and feet (*Id*. at p. 71). No redness was noted and

---

[1] Plaintiff acknowledges in his reply brief that he had his follow-up appointment with Dr. Rajamahanty on August 23, 2019.

Plaintiff was prescribed Acetaminophen and Ibuprofen. He was seen again on January 19, 2019 and the medical records note that he had been complaining about pain and redness since September 2018 (*Id*. at p. 75). Plaintiff was referred to the medical doctor as the condition was unresolved (*Id.*). He was seen again on March 23, 2019 for burning and redness and was referred to a doctor (*Id*. at p. 101). Plaintiff complained of pain and burning on June 11, 2019 and was prescribed ASA (*Id*. at p. 124). He also was provided reading materials from the Mayo Clinic on Erythromelalgia and scheduled for a follow-up in two months (*Id*. at pp. 124-26).

## Discussion

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R Miller, & Mary Kay Kane, Federal Practice and Procedure §2948 (5th ed. 1995)). Specifically, to obtain a preliminary injunction, a plaintiff must establish: (1) that he has a reasonable likelihood of success on the merits; (2) that he has no adequate remedy at law; and (3) that he will suffer irreparable harm absent the injunction. *Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). If the plaintiff meets his or her burden with respect to these elements, the Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). Additionally, the Prison Litigation Reform Act requires that a preliminary injunction be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

Here, Plaintiff fails to clear the first hurdle; he has not established a "greater than negligible" likelihood of success on the merits for his deliberate indifference claim. *See*,

4

*AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Plaintiff complains of persistent pain in his left side, prostatitis, and redness and swelling in his hands and feet. He alleged in his Motion filed at the outset of this case that he had been denied access to a specialist and requested that he be sent to an outside specialist who could treat his prostatitis and monitor his condition. At this point however, Plaintiff has been seen by a specialist, Dr. Rajamahanty and has been seen by prison medical professionals numerous times throughout 2018 and 2019 for both conditions. Dr. Rajamahanty ultimately diagnosed Plaintiff with recurrent prostatitis, prescribed additional medications, and has continued to follow-up with Plaintiff since April 2019. While not deciding the merits of Plaintiff's claims at this juncture, given this evidence, the Court cannot conclude that Plaintiff has a reasonable likelihood of success on his deliberate indifference claim regarding these conditions.

The same is true for the burning and swelling in his Plaintiff's hands and feet. Plaintiff has seen healthcare unit staff numerous times. He was diagnosed with Erythromelalgia, provided with medication, and scheduled for follow-up. There is no evidence to suggest that Defendants are continuing with an ineffective course of treatment as they are trying different medications to treat his condition. *See Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (finding deliberate indifference where medical defendants persisted in a course of conservative treatment for eighteen months despite no improvement).

**Conclusion**

For the foregoing reasons, the Court finds that Plaintiff has not shown he has a likelihood of success on the merits and, therefore, is not entitled to a preliminary injunction. Plaintiff's Motion for Preliminary Injunction (Doc. 2) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: 11/18/2019**

*/s/ Staci M. Yandle*
**United States District Judge**